# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RADIAH FLETCHER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action Number |
| v. | ) **5:21-CV-01431-AKK** |
| | ) |
| **CITY OF MADISON, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Radiah Fletcher asks the court to reconsider its opinion and order dismissing her case without prejudice for lack of standing. *See* docs. 5–7. She asserts two grounds for reconsideration: that (1) the court misconstrued the factual basis for her claims; and (2) the cases the court cited in its opinion do not foreclose her claims, which in fact establish standing in this case. Doc. 7 at 1. The court has carefully reviewed Fletcher's pleadings, its prior opinion, and Fletcher's motion. For the reasons set out herein, the motion, doc. 7, is due to be denied.

### I.

Litigants may not use motions to reconsider to relitigate old matters, raise arguments, or present evidence that they could have raised prior to the entry of judgment. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citing *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). Instead,

1

"[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Id.* (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).[1]  Thus, a motion to reconsider is appropriate where the court "has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning, but of apprehension." *Sanzone v. Hartford Life & Accident Ins. Co.*, 519 F. Supp. 2d 1250, 1255–56 (S.D. Fla. 2007).

## II.

Fletcher asks the court to reconsider the dismissal of her complaint for lack of standing specifically because (1) as opposed to suing over "speculative harm," Fletcher pleads a "current dispute" between the defendants and herself; and (2) the obstacles to standing in the cases the court previously cited, *see* doc. 5, "are not present" in her claims for declaratory relief.[2]  *See* doc. 7.  The court addresses these grounds in turn.

---

[1] A motion to reconsider may also be available when a party presents the court with an intervening change in controlling law.  *See Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007); *Summit v. Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).  This ground for reconsideration, however, is not at play in this case.

[2] For context, Fletcher seeks a declaration that the defendants' policies and practices violate the Fourth and Fourteenth Amendments, that the defendants must provide specific training to City police officers, and that City police officers must articulate reasonable suspicion before attempting to force Fletcher to comply with police orders.  *See* doc. 4 at 13–14.

2

A.

First, Fletcher asserts that her case "is not about speculative harm that might (or might not) happen to [her] in the future" but rather "is about a current dispute between [herself] and [the] [d]efendants that can be resolved now." Doc. 7 at 1–2. In support, Fletcher points to four allegations that, in her view, the court did not adequately address: that she "has a constitutionally-granted and constitutionally-protected interest and right"; that the defendants "have used policies and procedures to usurp [her] protected interest, without due process"; that the defendants have used these policies and procedures "to give her legally-protected interest to their police officers"; and that the defendants "have an obligation to change their policies and procedures to give [her] back her constitutionally-protected interest and right." *Id.* at 2 (citing doc. 4). Fletcher compares the defendants' conduct to that of a hypothetical hacker who "quietly steal[s]" $10,000 from a billionaire's savings account in the hopes that the billionaire might never miss or need it. *Id.* On this basis, she argues:

> Standing is not simply negated because the theft was not from an active checking account but only from a savings account that the owner might not ever need to draw upon during his or her lifetime; or because the owner can sue for damages if/when the absence of the $10,000 renders him unable to make a purchase in the future; or because the thief is a government actor who has also stolen $10,000 from many others under similar circumstances.

*Id.* at 2–3.

The court understands Fletcher to argue that (1) she has a constitutional right to decline consensual encounters with City police officers, (2) the defendants' policies and procedures effectively nullify this right, and (3) the eradication of this right constitutes an "unlawful taking" and generates a "concrete, actual dispute that a court can and should resolve." *See id.* at 3. *See also* doc. 4 at 8–9 (alleging that the defendants' policies and procedures "work[] as a wholesale nullification . . . of [Fletcher's] clear right to decide for herself [whether to terminate a consensual encounter with police] and improperly converts it into a conditional right"). This argument resembles the one the court previously found insufficient to establish standing, *see* doc. 5, and therefore posits an inappropriate ground for reconsideration, *see Arthur*, 500 F.3d at 1343. However, to the extent that the court misconstrued any of Fletcher's allegations previously, the court addresses her clarified allegations and arguments head on.

The Fourth Amendment protects citizens against unreasonable searches and seizures, *see* U.S. CONST., amend. IV, and a seizure occurs when, under the circumstances, a reasonable person would believe that he or she is not free to leave the encounter with law enforcement, *see United States v. Mendenhall*, 446 U.S. 544, 554 (1980); *Chandler v. Sec. of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012). A police officer may briefly seize an individual when the officer has "reasonable suspicion" that the person is engaged in "criminal activity." *See Kansas*

*v. Glover*, 140 S. Ct. 1183, 1187 (2020) (discussing Fourth Amendment seizure jurisprudence); *Navarette v. California*, 572 U.S. 393, 396–97 (2014) (same). Otherwise, without such a "particularized and objective basis," *see Glover*, 140 S. Ct. at 1187, the officer must choose between committing an unconstitutional seizure and letting the citizen go.

Therefore, Fletcher is essentially correct that she has the right to walk away from encounters with City police officers who lack the reasonable suspicion to seize her. Fletcher pleads that she has a constitutionally protected interest in declining consensual encounters with the police, that she engages in daily life and protest activities in the City, and that City police officers have, historically and routinely, physically compelled citizens' compliance during consensual encounters in violation of this constitutional right. *See* doc. 4 at 7–9. But under the case law, Fletcher does not allege sufficient facts demonstrating that the defendants' practices and policies, as they pertain to encounters between City police officers and herself, have injured her and/or will soon injure her in the future.[3] For example, Fletcher

---

[3] *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1265–66 (11th Cir. 2003) ("In order to satisfy the 'injury in fact' requirement of standing, a plaintiff need not wait for an injury to occur. An allegation of future injury satisfies this prong of standing so long as the alleged injury is 'imminent' or 'real and immediate' and not merely 'conjectural' or 'hypothetical.' An injury is imminent if it is likely to occur, and likely to do so immediately. When a plaintiff cannot show that an injury is likely to occur immediately, the plaintiff does not have standing to seek prospective relief even if he has suffered a past injury.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983)). *See also Corbett v. TSA*, 930 F.3d 1225, 1233 (11th Cir. 2018) ("[E]ven if the plaintiff shows immediacy, the injury must still be

does not describe how City police officers presently interfere with her daily life, that City police officers have subjected her to unlawful seizures in the past, or why City police officers are likely to behave unlawfully with respect to her specifically in the future. *See 31 Foster Children*, 329 F.3d at 1267 ("[U]nder *Lujan*, one cannot merely allege that an injury will be suffered at 'some time' in the future."); *J.W. ex rel. Williams v. Birmingham Bd. of Educ.*, 904 F.3d 1248, 1265 (11th Cir. 2018) ("In assessing whether a future injury is likely to occur, we consider whether the plaintiff is likely to have another encounter with a government officer due to the same conduct that caused the past injury.").[4]

Instead, Fletcher pleads that the "culture" the defendants enable "would permit their officers to view [her] biological processes and involuntary reactions to officers' own provocation as threats that would justify their decision to use extreme and perhaps deadly force." *See* doc. 4 at 7. On this basis, she states that the defendants presently allow City police officers to usurp her "legitimate expectation of being able to decide for herself whether to cooperate with or terminate a

---

substantially likely to actually occur, meaning that the threatened future injury must pose a realistic danger and cannot be merely hypothetical or conjectural.").

[4] To be sure, "when the threatened acts that will cause injury are authorized or part of a policy," as Fletcher alleges, "it is significantly more likely that the injury will occur again." *See 31 Foster Children*, 329 F.3d at 1266. But beyond her allegations of her usual activities in the City, Fletcher does not state a specific and immediate threat to herself or that she has experienced a past injury as a result of the defendants' policies and practices that would help illustrate the likelihood of experiencing a similar injury in the future.

consensual encounter" and that, going forward, these practices will "pose a credible threat to [Fletcher] each time she goes about her lawful activities of daily life" in the City. *Id.* at 8–9.  However, taking Fletcher's allegations as true, the court still cannot conclude that Fletcher pleads factual content that demonstrates a present, concrete dispute or the threat of an immediate future injury under binding Supreme Court and Eleventh Circuit case law.  *See Lyons*, 461 U.S. at 111 (" . . . a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement are unconstitutional.").  Therefore, although Fletcher accurately characterizes her Fourth Amendment rights, she unfortunately has not established standing to seek prospective, declaratory relief.

## B.

Fletcher also argues that the court incorrectly interpreted and applied several Supreme Court cases as they relate to the facts of her case.  *See* doc. 7 at 1.  Given the foregoing, and following another look at *Rizzo v. Goode*, 423 U.S. 362 (1976); *Ashcroft v. Mattis*, 431 U.S. 171 (1977); and *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), in light of Fletcher's arguments, doc. 7 at 3–6, the court does not discern manifest errors of law or fact in its prior opinion, doc. 5 at 9–14.  For the reasons already expressed, Fletcher does not plead facts demonstrating past or present injury or the threat of immediate future injury as a result of the defendants' conduct. Accordingly, precedent does not allow this court to entertain her suit for declaratory

relief. *See also O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) (where none of the plaintiffs suffered past injuries in the manner specified and standing rested on the speculative risk of future injury, the plaintiffs lacked a sufficiently personal stake in the outcome of the case to satisfy Article III). Thus, Fletcher's motion for reconsideration, doc. 7, is also due to be denied on this ground.

### III.

Ultimately, as the court referenced in its previous opinion, the doctrine of standing presents just one of the hurdles that litigants face when seeking prospective relief to address allegations of abuse by law enforcement. *See* doc. 5 at 14–15. *See also* Sunita Patel, *Jumping Hurdles to Sue the Police*, 104 MINN. L. REV. 2257, 2353 (2020) (describing, in particular, barriers to "police structural reform litigation" that arise from the Supreme Court's standing jurisprudence). While Fletcher is rightly so concerned about her constitutional rights and the alleged abuse of these rights by the defendants here, based on her pleadings, Fletcher lacks standing to sue for the relief she seeks. Therefore, the court **DENIES** her motion to reconsider, doc. 7.

**DONE** the 3rd day of December, 2021.

*/s/ Abdul Kallon*
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE